UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUOJUN LIU, | Case No.: 26-CV-1613 TWR (DDL) |
| Petitioner, | |
| v. | **ORDER (1) DENYING MOTION FOR TRO, (2) DENYING MOTION TO PROCEED UNDER PSEUDONYM, (3) DENYING MOTION FOR IMMEDIATE RELEASE, AND (4) ORDERING STATUS UPDATE** |
| KRISTI NOEM, et al., | |
| Respondents. | |
| | (ECF Nos. 1, 4, 5, 6) |

Presently before the Court are Petitioner Guojun Liu's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Pet.," ECF No. 1), Petitioner's Ex Parte Motion for Temporary Restraining Order ("TRO Mot.," ECF No. 4), Petitioner's Ex Parte Motion to Proceed Under Pseudonym ("Pseudonym Mot., ECF No. 5), Petitioner's Ex Parte Motion for Immediate Release ("IR Mot.," ECF No. 6), and Respondents' Return to Petition ("Return," ECF No. 7.)

/ / /

/ / /

1

## I.    Motion for TRO and Motion for Immediate Release

Petitioner was granted withholding of removal to China and was ordered removed on February 13, 2026.  (*See* TRO Mot. at 16.)  Petitioner's withholding of removal does not change the fact that he is subject to a final order of removal and detention under 8 U.S.C. § 1231(a).  *See Johnson v. Guzman Chavez*, 594 U.S. 523, 536 (2021) ("If an immigration judge grants an application for withholding of removal, he prohibits DHS from removing the alien *to* that particular country, not *from* the United States.  The removal order is not vacated or otherwise set aside.  It remains in full force, and DHS retains the authority to remove the alien to any other country authorized by the statute.") (emphasis in original).    Under 8 U.S.C. § 1231(a)(1)(B), the final order of removal became administratively final on February 16, 2026.  (*See* TRO Mot. at 16.)  Under 8 U.S.C. § 1231(a)(2), an individual who is subject to a final order of removal is subject to mandatory detention for a 90-day removal period.  Petitioner is within the 90-day removal period which will expire on May 17, 2026.  Accordingly, Petitioner's claim for relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001), (*see* IR Mot. at 1; TRO Mot. ¶ 15), is not ripe.  Thus, the Court **DENIES WITHOUT PREJUDICE** Petitioner's Motion for Immediate Release (ECF No. 6) and Motion for Temporary Restraining Order (ECF No. 4).  Respondents **SHALL** file a Status Report on or before May 18, 2026.

## II.    Motion to Proceed Under Pseudonym

As for Petitioner's Motion to Proceed Under Pseudonym, when determining whether the case is a "special circumstance" justifying anonymity, a district court must consider the following factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).  "The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice."  *Id.*  Lastly, "the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities."  *Id.*

26-CV-1613 TWR (DDL)

Here, Petitioner alleges he is at risk of retaliation "within detention facilities, adverse treatment by other detainees, or targeting by third parties." (Pseudonym Mot. at 2.) Further, Petitioner argues that this action involves "disclosure of sensitive personal information, including detention circumstances, and potentially protected claims or fear-based facts." (*Id.*) Petitioner does not explain why his current habeas petition would subject him to retaliation within detention facilities or adverse treatment by other detainees. Further, Petitioner has failed to identify any "sensitive personal information" that has been disclosed in this case. Accordingly, the Court is unable to determine (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation. *See Does I thru XXIII*, 214 F.3d at 1068; *cf Doe v. Becerra*, 787 F. Supp. 3d 1083, 1095 (E.D. Cal. 2025) (granting pseudonymity when the petitioner "presented evidence of both the severity of the threatened harm and the reasonableness of his fears" and the petitioner was "at risk of removal should his asylum application be denied"). Thus, the Court **DENIES WITHOUT PREJUDICE** Petitioner's Motion to Proceed Under Pseudonym (ECF No. 5).

**III.  Conclusion**

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Petitioner's Motion to Proceed Under Pseudonym (ECF No. 5), Motion for Immediate Release (ECF No. 6), and Motion for Temporary Restraining Order (ECF No. 4). Respondents **SHALL** file a Status Report on or before May 18, 2026.

**IT IS SO ORDERED.**

Dated:  March 24, 2026

Honorable Todd W. Robinson
United States District Judge

3

26-CV-1613 TWR (DDL)